# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                              Case No. 22-cv-830-JB-JFR

WILLIAM C. GARDNER, DDS

      Defendant.

## MOTION FOR STAY

COMES NOW Defendant, by and through his attorney of record, and hereby moves the Court for a stay of this proceeding while parallel criminal proceedings are pending. In support of his motion, Defendant would show the Court as follows:

1.      Defendant is also the Defendant in State of New Mexico v. William Gardner, Case No. D-202-CR-2022-02460, pending in the Thirteenth Judicial District, County of Sandoval, State of New Mexico (the "State Criminal Case"). In that case, Defendant is charged with a fourth degree felony of Practicing Dentistry without a License. A true and correct copy of the Grand Jury Indictment is attached as Exhibit A.

2.      The State Criminal Case is currently set for a jury trial on a trailing docket beginning November 1, 2023.

3.      The State's allegations against the Defendant in the State Criminal Case parallel the claims made by the Plaintiff in this civil proceeding. Both cases rely on a claim that Defendant practiced dentistry without a license in New Mexico. The Plaintiff's claims here that Defendant

wrote prescriptions for patients without a NM license is, at its core, the same claim asserted in the State Criminal Case.

4.      Based on the substantial overlap between this case and the State Criminal Case, this case should be stayed (a) to permit the Defendant to exercise his constitutional right not to incriminate himself, (b) to prevent the Plaintiff in this case and necessarily, the State in the State Criminal Case, from taking advantage of broader civil discovery rights, and (c) to prevent the exposure of Plaintiff's criminal defense strategy.

5.      Plaintiff in this case has propounded discovery requests that include many requests directly related to the allegations in the State Criminal Case.  For example, the Plaintiff seeks an admission that Defendant practiced dentistry, dispensed controlled substances and wrote prescriptions and seeks production of related documentation.  Plaintiff also seeks an admission that Defendant's license to practice dentistry was revoked, requests an explanation of the grounds for Defendant's position, and seeks the production of documents that support Defendant's claims. All of the discovery requested by Plaintiff described in this paragraph is directly related to the State Criminal Case.

6.      Defendant understands that a stay in these circumstances is within the Court's discretion.

> [T]he strongest case for deferring civil proceedings is where a party under indictment for a serious offense is required to defend a civil . . . action involving the same matter.  The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery . . . expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.  If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.

*SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1997).

7.      The Tenth Circuit considered these issues in *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070 (10th Cir. 2009).  The Court held that the Constitution does not require a stay of civil proceedings in the type of case presented here unless the party seeking the stay can demonstrate "substantial prejudice".  *Id*. at 1080.  Although the 10th Circuit found that the District Court in *Creative* did not err in denying a motion for stay, the factors that the Court considered are particularly relevant to this case.

8.      The Court first focused on the overlap between the issues and evidence in the civil case and the criminal case.  In that case there was no overlap because the issues and evidence in the civil case were so narrow.  *Id*.  Here the issues in the criminal case are nearly identical to the issues in this civil case.  Both cases turn on whether or not the Defendant had a license to practice dentistry which, in both cases, turns directly on the claimed effectiveness of the revocation of Defendant's license.  Although this case focuses on the dispensing of drugs and the writing of prescriptions while the criminal case focuses on those acts and potentially on others, the ultimate outcome of both cases turns on the same evidence and the same issues surrounding the practice of dentistry.

9.      The subjects addressed in the Plaintiff's discovery requests demonstrate very clearly how inextricably the evidence and the issues in this case and the State Criminal Case are linked.  Request for Admission 1 asks the Defendant to admit that he practiced dentistry.  Request for Admission 6 asks the Defendant to admit that his license to practice dentistry was revoked.  Interrogatories 2 and 3 ask the Defendant to explain the grounds for denying that his license was revoked.  Requests for Production 2 and 3 seek documents that Defendant relies on in alleging that his license was not revoked.  The issues and evidence relevant here and in the State Criminal Case are virtually identical.  There would be substantial prejudice to the Defendant if this case is not

stayed pending the outcome of the State Criminal Case.  A copy of the Plaintiff's discovery requests are attached as Exhibit B.

10.     In *Creative*, the 10th Circuit also focused on what the Court referred to as unfair prejudice.  *Id*. at 1081.  Primarily because the Defendant had been deposed months before she raised her motion for stay, the Court found that the Defendant would not have suffered prejudice as a result of the denial of the motion to stay.  Here, exactly the opposite is true.  Plaintiff has served written discovery on Defendant and Defendant has responding appropriately asserting his Fifth Amendment privilege.  Plaintiff now wants to schedule Defendant's deposition.

11.     It is clear that, in this case, the Defendant would suffer significant prejudice if his motion for stay is not granted pending the outcome of the State Criminal Case.  Indeed, under the holding in *Creative*, Defendant must assert his Fifth Amendment privilege at this point in this matter to avoid a future claim of waiver.

12.     Because this case and the State Criminal Case turn on nearly identical facts and issues and because Defendant would suffer significant prejudice if this case is not stayed pending the resolution of the State Criminal Case, the Court should stay this proceeding until the resolution of the State Criminal Case.

13.     Plaintiff opposes the relief sought in this motion.

WHEREFORE, Defendant prays that the Court grant his motion for stay and stay further proceedings in this case pending resolution of the criminal indictment against the Defendant in State of New Mexico v. William Gardner, Case No. D-202-CR-2022-02460, pending in the Thirteenth Judicial District, County of Sandoval, State of New Mexico, and for such other and further relief to which he may be entitled.

Gary W. Boyle
BOYLE & FREUDENHEIM
15 Spirit Court
Santa Fe, NM 87506
(505) 989-5057

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing motion has been emailed to Plaintiff's counsel of record on the 14th day of August, 2023.

Gary W. Boyle