IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                                                                          Case No. 22-cv-830-JB-JFR

WILLIAM C. GARDNER, DDS

      Defendant.

### RESPONSE AND OBJECTION TO MOTION FOR DISCOVERY SANCTIONS AND TO CONTINUE DEFENDANT'S DEPOSITION

      COMES NOW Defendant, by and through his attorney of record, and hereby responds in part and objects in part to Plaintiff's Motion for Discovery Sanctions and to Continue Defendant's Deposition (Doc. 31). In support of his response and objection, Defendant would show the Court as follows:

      1.      As Defendant agreed at the deposition in question and as Plaintiff admits Defendant's counsel subsequently confirmed, Defendant does not object to the continuance of his deposition at the Courthouse or elsewhere on a schedule to be agreed upon. Defendant's willingness to continue his deposition in the face of Plaintiff's unnecessary suspension of the examination demonstrates that Defendant is attempting to cooperate appropriately in discovery.

      2.      Defendant objects to the Plaintiff's quest for sanctions. To understand the request fully, the Court should take note of the factual context.

      3.      Plaintiff complains that Defendant should be sanctioned because he did not seek to continue the deposition on his own motion knowing that he was taking prescription medication. Although the statement is true, the Court should take note of the fact that Defendant filed his

motion to stay this proceeding one month in advance of the notice of deposition and two months in advance of the deposition. Plaintiff opposed that motion. The Court has not yet ruled on the motion. It would quite obviously have been futile to seek a continuance of the deposition when Plaintiff previously rejected Defendant's motion to stay this case. If Plaintiff had agreed to the requested stay (as they now suggest they would have agreed to a requested continuance) we would not be faced with the Plaintiff's claims.

4. Plaintiff was well aware both before the deposition and at the deposition that Defendant would refuse to answer substantive questions and would, instead, preserve his Fifth Amendment privilege to avoid self-incrimination. The Plaintiff did not have a reasonable expectation that any substantive information would be gained during the deposition. As a result, the current claim of surprise or injury from Defendant's taking of prescription medication is clearly manufactured.

5. The Court should understand that Plaintiff unilaterally chose to suspend Defendant's deposition. Plaintiff did not refuse to appear or refuse to respond to questions, other than one about his family that is addressed below. Defendant did not even object to a subsequent continuance of his deposition. Defendant appeared and answered all other questions to the best of his ability or asserted his Fifth Amendment rights as appropriate. Defendant did not fail to cooperate in discovery as Plaintiff contends.

6. Defendant was taking two prescription pain medications for a back injury at the time of the deposition. Defendant was taking Meloxicam, 15mg and Cyclobenzaprine, 10 mg, both pursuant to physician's prescriptions. Defendant accurately testified at his deposition that he was taking these prescriptions on his doctor's orders.

7. Taking medications prescribed by a physician on the date of a deposition is not evidence of a lack of cooperation. Indeed, appearing for a deposition while in pain that requires medication is strong evidence that Defendant did everything he could to comply with his discovery obligations.

8. Defendant tried to cooperate in discovery by appearing despite his then recent injury and answering questions to the best of his ability consistent with his Fifth Amendment rights. Plaintiff chose to suspend the deposition based on Defendant's medications. Plaintiff argues that Defendant seeks to delay his deposition. Doc. 31, ¶14. Defendant did not seek to suspend or delay the deposition. Plaintiff's claimed need to suspend the deposition might be more credible if there was any reasonable expectation that Defendant would be willing to waive his Fifth Amendment privilege and provide substantive information. In fact, Plaintiff now seeks sanctions for alleged failure to cooperate in discovery when Defendant's medications could not possibly have had an impact on the deposition because Defendant did not provide substantive information on which the medications could have had an impact.

9. The suspension of the deposition and the associated costs were the result of Plaintiff's unreasonable decision to suspend a deposition when it was unnecessary to do so.

10. It is important to note that Defendant provided accurate information about his medications to the extent he was able to recall the requested information during his deposition. This is not a case of deception but rather a case of unreasonable expectations by the Plaintiff.

11. Defendant did not impede, delay or frustrate his fair examination under Rule 30(d)(2). Plaintiff chose to suspend the deposition based on Defendant's medications. Defendant's compliance with a physician's orders for medication is an action to preserve his health and not an action to impede, delay or frustrate. Plaintiff's motion for sanctions should be denied because

Rule 30 does not and should not authorize the imposition of sanctions for a deponent complying with doctor's orders.

WHEREFORE, Defendant prays that the Court deny Plaintiff's request for sanctions and for such other and further relief to which he may be entitled.

_____
Gary W. Boyle
BOYLE & FREUDENHEIM
15 Spirit Court
Santa Fe, NM 87506
(505) 989-5057

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing motion has been emailed to Plaintiff's counsel of record on the 8th day of November, 2023.

_____
Gary W. Boyle