FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 3 0 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v. NO. 22-CV-830-JB/JFR

WILLIAM C. GARDNER, DDS,

Defendant

## DEFENDANT'S MOTION FOR THE ENTRY OF A PROTECTIVE ORDER FOR THE DEPOSITIONS DUCES TECUM OF WILLIAM GARDNER.

Defendants the Plaintiff Pro Se, hereby file this Motion for the Entry of a Protective Order for the Depositions of William Gardner on February 13th, 2023.

1. Plaintiff has noticed the deposition of Defendant on January 30, 2024.

2. Plaintiff through his attorney has a pending motion for dismissal, the Court has not heard the pending motion for dismissal.

3. The Plaintiff did not confer regarding dates of these depositions.

4. The Plaintiff dismissed his attorney for cause.

5. The Defendant has paid a significant retainer to Counsel, in which there is a dispute.

6. The Defendant is requesting time to seek counsel or Pro Bono Counsel from the US government.

7. Rule 1-026 governs protective orders and provides, in pertinent part:

> Upon motion by any party or interested person for good cause, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following:
>
> (1) prohibiting the disclosure or discovery; (2) limiting the terms or conditions of the disclosure or discovery; (3) designating the time or place of the disclosure or

1

discovery; (4) directing the method of discovery including a method different than the party seeking discovery selected; (5) barring or limiting inquiry into certain matters; (6) directing that discovery be conducted with no one present except persons designated by the court; [and] (7) sealing disclosures, responses or deposition transcripts[.] Rule 1-026(C) NMRA.

8. A party seeking a protective order establishes good cause by showing with specificity that discovery "will work a clearly defined and serious injury" to the movant. Krahling v. Executive Life Ins. Co., 1998-NMCA-071, ¶10, 125 N.M. 228, 959 P.2d 562.

9. Defendants seek a Protective Order for the depositions of Defendant William Gardner on the grounds that he has a Civil Court Date on the 13th of February.

10. Moreover, Defendants are moving for a stay of discovery and presenting arguments that they are entitled to a stay of discovery pending their motion for dismissal filed by his former attorney Gary Boyle. See Doe v. Leach, 1999NMCA-117, ¶ 17, 128 N.M. 28, 988 P.2d 1252 (quoting Behrens v. Pelletier, 516 U.S. 299, 308, 116 S.Ct. 834 (1996)).

11. Based on the foregoing, there is good cause to enter a protective order for the deposition of William Gardner, and Defendant request that the Court enter a Protective Order and an Order Quashing the Subpoena to that effect.

**WHEREFORE,** Defendants respectfully requests that this Honorable Court grant their Motion for Protective Order as stated herein, and for any other relief the Court deems necessary and just.

Respectfully submitted,

William Gardner pro se
8200 Carmel Ave. NE Suite 101
Albuquerque NM 87122
505-507-2669

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2024, I will provide a true and correct copy of the foregoing Plaintiff's motion for entry of a protective order. was served by email to the following counsel of record:

ALEXANDER M.M. UBALLEZ
United States Attorney District of New Mexico

BENJAMIN G. MINEGAR
Assistant United States Attorney
P.O. Box 607 Albuquerque, New Mexico 87103
(505) 224-1469;
Fax (505) 346-7205
Benjamin.Minegar@usdoj.gov 2

William Gardner pro se
January 29th 2024